IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| HEATHER WALKER, | ) |
|     Petitioner, | )<br>)<br>) |
| v. | )     No. 1:19-cv-01143-STA-jay |
| | )<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
|     Respondent. | )<br>) |

ORDER DENYING AMENDED § 2255 PETITION IN PART
AND
GRANTING EVIDENTIARY HEARING ON REMAINING CLAIM

On July 12, 2019, Petitioner Heather Walker filed a *pro se* motion to vacate, set aside, or correct her sentence (the "Petition"), pursuant to 28 U.S.C. § 2255.  (ECF No. 1.)  She filed an amended pleading (the "Amended Petition") on November 25, 2019 (ECF No. 10), and a supporting memorandum (ECF No. 11).  She has since retained counsel to represent her in this case.  (ECF No. 25.)  For the following reasons, the Amended Petition is **DENIED IN PART** and Petitioner is **GRANTED** an evidentiary hearing on the sole remaining claim.

### BACKGROUND

In July 2017, a federal grand jury for the Western District of Tennessee returned a ten-count indictment against Walker[1] and others, charging offenses relating to drug trafficking. (*United States v. Walker*, No. 1:17-cr-10067-STA-6, ECF No. 3 (W.D. Tenn.).)  Walker was charged in Count 1 with conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine, and in Count 2 with aiding and abetting distribution, attempt

---

[1] The Court will refer to Walker as "the Defendant" in its discussion of her underlying criminal case.

to distribute, possession with intent to distribute, and attempt to possess with intent to distribute 50 grams of more of actual methamphetamine. Both counts charged violations of 21 U.S.C. §§ 841(a)(1) and 846.

The parties entered into an agreement by which Walker agreed to plead guilty to Count 1 of the indictment and to waive her appeal rights, except in certain narrow circumstances. (*Id.*, ECF No. 278.) The parties stipulated that the most readily provable amount of drugs for which the Defendant should be held accountable equated to at least 150 grams of actual methamphetamine, but less than 500 grams of actual methamphetamine. The parties acknowledged that the stipulation was a recommendation and that the Court would make the determination as to the drug quantity. On March 5, 2018, the Defendant entered her guilty plea to Count 1 of the indictment. (*Id.*, ECF No. 277.)

In anticipation of sentencing, the United States Probation Office prepared the presentence report (the "PSR"). The PSR recommended that a drug quantity of 547.2 grams of actual methamphetamine be attributable to the Defendant. (PSR at 7.) Based on that amount, Walker was assigned a base offense level of 34 pursuant to § 2D1.1 of the United States Sentencing Commission *Guidelines Manual* (the "Guidelines" or "U.S.S.G."). (*Id.* at 8.) *See* U.S.S.G. § 2D1.1(c)(4) (providing for a base offense level of 34 where the drug quantity is at least 500 grams but less than 1.5 kilograms of methamphetamine). The offense level was increased by 2 pursuant to the U.S.S.G. § 2D1.1(b)(1). (*Id.*) That provision specifies a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1).

The PSR advised that the Defendant was a career offender because the offense to which she pleaded guilty was committed subsequent to her sustaining at least two felony convictions

for controlled substance offenses.[2] (PSR at 9 (citing U.S.S.G. § 4B1.1(b)(1)).) The predicate felony offenses were Tennessee convictions for the sale of less than .5 grams of methamphetamine and possession with intent to distribute methamphetamine. (*Id.* at 12.) The convictions occurred in 2008 and 2009, respectively. In light of her career offender status, Walker was assigned an offense level of 37.[3] (*Id.* at 9.) Three points were deducted for her acceptance of responsibility. (*Id.*) Based upon a total offense level of 34 and a criminal history category of VI, the Guidelines imprisonment range was calculated to be 262 to 327 months. (*Id.* at 19.)

A sentencing hearing was held on July 23, 2018. (No. 1:17-cr-10067-STA-6, ECF No. 414 & 590.) The undersigned found that the Defendant was a career offender and applied a three-level reduction for her acceptance of responsibility. The resulting Guidelines imprisonment range was found to be 262 to 327 months. Defense counsel asked the Court "to depart from the guidelines to give [the Defendant] a sentence below the guidelines," emphasizing that his client's circumstances did not warrant the "substantial amount of time" advised by the Guidelines for her career offender status. (*Id.*, ECF No. 590 at 49-50.) Upon consideration of the parties' arguments, the advisory range, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the undersigned imposed a sentence on Count 1 of the indictment of 214 months' incarceration, which was four years below the bottom of the Guidelines range, to be followed by

---

[2] The Guidelines' career offender provision provides for an enhanced offense level "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

[3] The Guidelines advise an offense level of 37 for career offenders convicted of a federal crime that carries a maximum term of life in prison. *See* U.S.S.G. § 4B1.1(b). The maximum penalty for the offense to which Walker pleaded guilty is life. *See* 21 U.S.C. §§ 841(b)(1)(A) and 846.

3

five years of supervised release.[4] The remaining counts of the indictment were dismissed. Walker did not take a direct appeal.

## DISCUSSION

In the Amended Petition, Walker maintains that counsel rendered ineffective assistance by failing to file a notice of appeal on her behalf (Claim 1); failing to object to the career offender enhancement (Claim 2); failing to object to the firearm enhancement (Claim 3); and failing to object to the drug quantity (Claim 4).[5] Petitioner "request[s] an evidentiary hearing that would possibly lead to a reduction in sentence." (ECF No. 10 at 13.) Respondent United States of America filed a response to the Amended Petition (ECF No. 15) and an affidavit from counsel (ECF No. 20). The Government argues that none of the claims have merit. On April 13, 2020, Walker filed a reply. (ECF No. 21.)

I.   Legal Standards

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of

---

[4] Pursuant to 18 U.S.C. § 3553(a), a court must reach an appropriate sentence by considering "the kinds of sentence and the sentencing range" under the advisory Guidelines and "policy statements," as well as the following additional factors: "the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[,] . . . to afford adequate deterrence to criminal conduct[,] . . . to protect the public from further crimes of the defendant[,] and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

[5] Claim 4 was asserted only in the memorandum filed in support of the Petition. Although Walker did not reassert the claim in the Amended Petition, the Government has argued that the claim is without merit. The Court will therefore address Claim 4. The claims have been renumbered for ease of discussion.

4

fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). "In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required," however, "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* A petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel alleges an error of constitutional magnitude cognizable in a § 2255 proceeding. *See id.* Such a claim is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 966. To succeed on an ineffective-assistance claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must

5

overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) (citations omitted)). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

II.     Claim 1

Petitioner asserts that counsel rendered ineffective assistance by failing to file a notice of appeal. She alleges that she "requested that counsel file a direct appeal on [her] behalf," but that counsel ignored the instruction. (ECF No. 10 at 4.) Respondent maintains that the claim is without merit because Walker never directed counsel to file an appeal. In support, the Government relies on counsel's averment that he "was never informed by Ms. Walker that she wanted to appeal her sentence." (ECF No. 20.)

In *Roe v. Flores-Ortega*, the United States Supreme Court announced that *Strickland*'s test applies to claims "that counsel was constitutionally ineffective for failing to file a notice of appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The Court held that a federal criminal attorney who fails to file a timely notice of appeal after a request by his client to do so performs deficiently. *Id.* Moreover, prejudice is presumed, and the defendant need not show that "'his appeal would likely have had merit.'" *Id.* (quoting *Peguero v. United States*, 526 U.S. 23, 28

(1999)). Applying the rules set forth in *Flores-Ortega*, the Sixth Circuit has held that "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012).

Walker signed the last page of the Amended Petition, declaring "under penalty of perjury" that her factual assertions are "true and correct." (ECF No. 10 at 13.) Accordingly, her allegation that she told counsel to file an appeal directly contradicts counsel's sworn averment that his client never told him she wanted to appeal her sentence. Under these circumstances, the Court must hold an evidentiary hearing to resolve the factual dispute. *See Campbell*, 686 F.3d at 360 (a district court must provide an evidentiary hearing on disputed questions of fact relevant to a claim that counsel was ineffective regarding an appeal) (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

III.    Claim 2

Petitioner posits that counsel was ineffective by failing to object to the Court's finding that she was a career offender. Her supporting argument is twofold. First, she insists that her Tennessee convictions for selling and possessing with intent to distribute methamphetamine are not career-offender predicates because she served less than one year in prison on each offense.[6] Second, she maintains that the Guidelines' imprisonment range resulting from the career offender designation did not reflect her "personal background, history [and] factors set under [18

---

[6] Petitioner was sentenced to three years' incarceration on the 2008 conviction, and all but seventy-five days of that sentence was suspended to community corrections. (PSR at 12.) On the 2009 conviction, she was sentenced to three years of probation. (*Id.*)

7

U.S.C. §] 3553(a.)" (ECF No. 10 at 15.) The Government argues that the claim is without merit. The Court agrees.

For purposes of the career offender provision, a "controlled substance offense" is a drug crime "punishable by imprisonment for a term exceeding one year[.]" U.S.S.G. § 4B1.2(b). "[W]hat counts in a predicate offense is the *possible* sentence a defendant faces, not the *actual sentence* imposed or served." *Goins v. United States*, No. 1:10-CR-119-HSM-SKL, 2015 WL 4723072, at *4 (E.D. Tenn. Aug. 10, 2015), *appeal denied* (6th Cir. Mar. 14, 2016) (emphasis in original) (petitioner's sentence of probation was irrelevant for determining his career offender status); *see also United States v. Apodaca,* 512 F. App'x 509, 513 (6th Cir.2013) ( "The designation of the offense under [state] law and the actual sentence imposed is irrelevant. The only relevant question is whether the [state] offense is punishable by a term exceeding one year.") (citing U.S.S.G. § 4B1.2, cmt. n. 1 ("'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, . . . regardless of the actual sentence imposed.")).

Walker's convictions were punishable by imprisonment exceeding one year. In Tennessee, selling or possessing with intent to distribute any amount less than .5 grams of methamphetamine is a Class C felony. *See* Tenn. Code Ann. § 39-17-417(c)(2)(A). A Class C felony is punishable by imprisonment of no less than three years and no more than 15 years. *Id.* § 40-35-111(b)(3). Counsel therefore did not perform deficiently by failing to make the futile argument Petitioner advances here and his conduct did not prejudice her.

The record in the criminal case also belies Walker's assertion that counsel should have challenged the career offender designation on the ground that the sentencing range did not reflect her circumstances. As discussed earlier, counsel argued that a below-Guidelines sentence would

better reflect the totality of his client's history.  The undersigned agreed that a departure was warranted and imposed a sentence well-below the advisory range.  Counsel therefore did not perform deficiently.  What is more, there is no reasonable probability that the undersigned would have departed further had counsel advanced additional arguments. Because counsel did not render ineffective assistance regarding Petitioner's career offender status,  Claim 2 is **DENIED**.

IV.     Claims 3 and 4

Petitioner asserts that counsel was ineffective for failing to challenge both the drug quantity attributed to her and the firearm enhancement.  Respondent argues that the claim is without merit because, even if counsel should have advanced those challenges, Walker suffered no prejudice.

As discussed supra, Petitioner's base offense level under the Guidelines was 34 based on a drug amount of 547.2 grams of actual methamphetamine.  The level was increased two points for the firearm enhancement, resulting in an adjusted offense level of 36.  However, once Walker was determined to be a career offender, she was assigned an offense level of 37 independently of the drug-quantity and firearm-enhancement.  *See* U.S.S.G. § 4B1.1(b)(1) (where the statutory maximum term of imprisonment is life, the offense level for a career offender is 37).

Accordingly, any argument that counsel could have made regarding the drug quantity and the firearm enhancement would have been without effect.  Because Petitioner has failed to establish that she was prejudiced by counsel's conduct, Claims 3 and 4 are without merit and are **DENIED**.

For the foregoing reasons, the Amended Petition is **DENIED IN PART**.  Walker's request for an evidentiary hearing is **GRANTED** as to Claim 1.  Because she has been able to retain private counsel, appointment of an attorney to represent her at the hearing is neither

warranted nor necessary. *See Rules Governing Section 2255 Proceedings For The United States District Courts*, Rule 8(c) (appointment of counsel for an indigent petitioner is mandatory "[i]f an evidentiary hearing is warranted"). The Court will set a date for the evidentiary hearing by separate order.

    **IT IS SO ORDERED**.

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

                                          Date: July 8, 2022.