IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| HEATHER WALKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-01143-STA-jay |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER GRANTING PETITIONER'S MOTION FOR VOLUNTARY DISMISSAL,
DISMISSING AMENDED § 2255 PETITION WITH PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 25, 2019, Petitioner Heather Walker filed a *pro se* amended motion to vacate, set aside, or correct her sentence (the "Amended Petition"), pursuant to 28 U.S.C. § 2255. (ECF No. 10.) She later retained counsel to represent her in this case. (ECF No. 25.) By order dated July 8, 2022, the Court denied all but one of Petitioner's claims and determined that an evidentiary hearing on the sole remaining claim was warranted. (ECF No. 26.) On August 5, 2022, Walker filed, through counsel, a motion for voluntary dismissal. (ECF No. 37.) The motion indicates that "[P]etitioner no longer wishes to proceed with this Habeas Corpus proceeding," and that her attorney "conferred with opposing counsel and opposing counsel has no objection to this motion." (ECF No. 37 at 1.) For good cause shown, the motion is **GRANTED**. The Amended Petition is hereby **DISMISSED**. Dismissal is **WITH PREJUDICE** given that the motion was filed at the later stages of this case and because all but

one of the claims have already been denied.  *See* Fed. R. Civ. P. 41(a)(2) (following the defendant's filing of a responsive pleading, a plaintiff may voluntarily dismiss her action "only by court order, on terms that the court considers proper").  The evidentiary hearing currently set for September 13, 2022, is continued.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. APP. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2)-(3).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition.  Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R.

App. P. 24(a).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is therefore **DENIED**.[1]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 8, 2022

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.